UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-CV-20371-RKA

JONATHAN MULLANE,

        Plaintiff,

v.

UNITED STATES DEPARTMENT
OF JUSTICE, *et al.*,

        Defendants.

Hon. Roy K. Altman, D.J., presiding

**PLAINTIFF'S VERIFIED[1] OMNIBUS:
[1] MOTION FOR A DEFAULT JUDGMENT AS TO LIABILITY;
[2] MOTION FOR AN EVIDENTIARY HEARING TO DETERMINE DAMAGES
PURSUANT TO FED. R. CIV. P. 55(b)(2)(B)**

    COMES NOW Plaintiff Jonathan Mullane ("Plaintiff") in the above-entitled cause, and hereby respectfully moves this Honorable Court for a default judgment pursuant to Fed. R. Civ. P. 55(b) against Defendants United States Department of Justice and United States Securities and Exchange Commission (collectively, "Defendants") solely as to the issue of liability. As to the issue of monetary damages, because this is not a "sum certain" case, Plaintiff hereby moves for an evidentiary hearing pursuant to Fed. R. Civ. P. 55(b)(2)(B) in order to determine and quantify

---

[1] A verified filing also serves as an affidavit, thereby satisfying any affidavit requirements vis-à-vis the requested relief. *See, e.g.*, Mora v. Nico's Transp., 2008 U.S. Dist. LEXIS 125900 at *4 (S.D. Fla. May 8, 2008); United States v. Four Parcels of Real Property, 941 F.2d 1428, 1444, n.35 (11th Cir. 1991) (same); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); Locricchio v. Trump, 2020 U.S. Dist. LEXIS 201132 at *4 (D. Haw. Oct. 28, 2020) (same).

monetary damages. In support hereof, Plaintiff states that an entry of default under Fed. R. Civ. P. 55(a) was properly issued by the Clerk on March 1, 2022. See D.E. 29.

Plaintiff notes that, even as of the time of writing, Defendants still have yet to timely plead or otherwise defend. Indeed, no answer or other responsive filing has been filed in this action, and notwithstanding the fact that Defendants were duly served <u>over six (6) months ago</u> in August 2021. As the Clerk correctly stated in her entry of default [D.E. 29], "[t]he extension deadline has [already] passed." Id. As a matter of law, Defendants were required to comply with the same procedural rules that apply to all litigants equally; the Government is not entitled to special treatment or favoritism by the Court in this proceeding. Defendants' ongoing dilatory tactics and unreasonable refusal to settle this three-year-old litigation[2] between the parties cannot constitute "good cause" for depriving Plaintiff of his constitutional right to procedural due process, together with his right to a timely, expedient resolution of this longstanding dispute.

This is a serious case. Plaintiff has been unemployed for the past three (3) years as a result of Defendants' unlawful conduct as set forth in the operative complaint, and continues to be unemployed to-date. Thus, with each additional day that passes, Plaintiff will foreseeably *continue* to be grievously and irreparably harmed. Such harm is not speculative harm; rather, it is something that has already occurred. Under such extreme circumstances, it is respectfully submitted that vacating the Clerk's March 1, 2022 entry of default [D.E. 29] would constitute reversible error and a clear abuse of discretion in this particular instance.[3]

---

[2] As noted in previous filings, the subject litigation has been ongoing since December 2018.

[3] The Eleventh Circuit reviews the denial of a motion for default judgment for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063, 1068 (11th Cir. 2014) (quotation marks omitted).

To be sure, while the "good cause" standard for vacating a default under Fed. R. Civ. P. 55(a) is comparatively low, Eleventh Circuit case precedents demonstrate why the extreme circumstances present here categorically bar *vacatur*. In the instant matter, Plaintiff has *already* been unduly prejudiced by Defendants' dilatory tactics and ongoing delays. And more to the point, no "good cause" can exist for vacating a default that was properly entered more than six (6) months after Defendants were served, and where Defendants have *already* sought and obtained an extension in this proceeding. Defendants are not entitled to now continue to flout the deadlines imposed by the Federal Rules of Civil Procedure when, in so doing, such delays will clearly cause Plaintiff to incur *further* quantifiable harm.

Stated differently, the undue prejudice and irreparable harm that these delays have unnecessarily inflicted upon Plaintiff greatly outweigh any countervailing interests Defendants may have in vacating the Clerk's default—particularly in light of the fact that: (1) Defendants still have not filed any answer and/or responsive filing, as reflected by the record herein; and (2) Defendants have already been afforded multiple opportunities to "get it right" in this action, which was filed six months ago in August 2021.

As reflected by the docket sheet itself, the parties have already engaged in substantial motion practice, and oral argument was held in the District of Columbia. Under such circumstances, no "good cause" exists for now vacating and/or setting aside the Clerk's long-overdue entry of default, and denial of the instant motion for a default judgment under Fed. R. Civ. P. 55(b) would give rise to reversible error under the Eleventh Circuit's "abuse of discretion" standard for default-judgment motions. See Mitchell, 294 F.3d at 1316; see also Steadfast Ins. Co. v. Patrol, 2021 U.S. Dist. LEXIS 212631 at *7-9 (N.D. Ga. Aug. 4, 2021) ("Defendant TSP fails to establish the requisite good cause to set aside default pursuant to Federal Rule of Civil Procedure 55(c) . . . . [T]he

decision to set aside default rests within the sound discretion of the court and such discretion should be exercised with due regard to the *peculiar facts and circumstances surrounding each case*"); Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948 (11th Cir. 1996) (Eleventh Circuit affirmed the district court's denial of the motion to vacate the clerk's entry of default); Allstate Ins. Co. v. Palterovich, 2007 U.S. Dist. LEXIS 21971 (S.D. Fla. Mar. 15, 2007) (defendant failed to show "good cause" for vacating the entry of default).

*A fortiori*, in the Eleventh Circuit, "good cause" for setting aside an entry of default cannot be satisfied in circumstances such as those present here, where "**setting it aside would *prejudice* the adversary**[.]" See Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948 (11th Cir. 1996); see also Robinson v. United States, 734 F.2d 735, 739 (11th Cir.1984). This is such a case. Here, there can be no *bona fide* dispute that Plaintiff will continue to incur irreparable harm as a direct result of these delays.

But even in instances where there *is*, in fact, "good cause" for vacating the default, the Eleventh Circuit has additionally stated that such *vacatur* still wouldn't be permitted if the entry of default was the result of the defaulting party's own "reckless disregard." See Compania Interamericana, *supra* at 952 (citing Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 194-95 (6th Cir. 1986)). Here, to state that Defendants' default was the result of "reckless disregard" is to engage in understatement. Defendants were properly served in August 2021, and have been represented by competent counsel for the past six (6) months. Thus, there can be no *bona fide* excuse for their continued, ongoing failure to simply file an answer to Plaintiff's complaint—something which they were repeatedly asked to do, to no avail.

The Eleventh Circuit has already taken the opportunity to clarify what "*reckless disregard*" means in the context of a motion seeking to vacate entry of default, holding that even political

unrest in a third-world country was rank insufficient to satisfy the "good cause" standard under Fed. R. Civ. P. 55:

> Dominicana claims that its failure to follow court orders was not willful, but resulted from political unrest and the struggling economy of the Dominican Republic. While we do not doubt the administrative difficulties faced by Dominicana during this litigation, **we cannot say that the district court abused its discretion in denying Dominicana relief from default. Most failures to follow court orders are not "*willful*" in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.** The district court exhibited considerable patience in granting Dominicana several extensions with regard to the discovery orders and with regard to obtaining counsel.

(Emphasis supplied) Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 952 (11th Cir. 1996). And if extreme political unrest in a third-world country cannot constitute "good cause" for vacating a default in the Eleventh Circuit, Defendants DOJ and SEC—neither of which is the victim of political unrest, natural disasters, or anything else—cannot possibly satisfy the "good cause" standard for their failure to file an answer in this case for the past six (6) months, all to Plaintiff's significant detriment.[4]

In March of last year, another Eleventh Circuit court was confronted with this exact same factual scenario, *i.e.*, a defendant's default following transfer to a different court. Relying on the

---

[4] Under Eleventh Circuit case precedents, simply showing "good cause" still isn't enough to vacate a default; the moving party must additionally prove that it has **meritorious defenses which likely would have been successful** had the case proceeded to trial. See, e.g., Grupo Rayco C.A. v. Delta Air Lines, Inc., 2021 U.S. Dist. LEXIS 73462 at *11-12 (N.D. Ga. Mar. 16, 2021) ("Defendant must allege some evidence of a *factual basis for a meritorious defense* before the Court can seriously consider opening the default"); Turner Broadcasting System, Inc. v. Sanyo Electric, Inc., 33 B.R. 996, 1002 (N.D. Ga. 1983) aff'd 742 F.2d 1465 (11th Cir. 1984) (denying motion to set aside entry of default where none of defendant's proposed defenses appeared to be meritorious); Gibbs v. Air Canada, 810 F.2d 1529, 1538 (11th Cir. 1987) (elucidating that the meritorious defense must be established by a *clear and definite recitation of facts*); Wortham v. Brown, 2015 WL 2152826, at *3 (S.D.Ga. May 7, 2015) ("It is well settled that general denials and conclusive statements are insufficient to establish a meritorious defense; the movant must present a factual basis for its claim.").

Eleventh Circuit's binding precedent in Compania Interamericana, *supra*, that court correctly declined to vacate the default, holding in pertinent part:

> Nor does Mr. Scordo explain why, unlike counsel for Delta, under the circumstances he did not request an extension of the deadline to file the Answer. Instead, he waited until default was entered against his client to file a proposed Answer in conjunction with his Motion to Vacate Default, apparently assuming that Delta would agree to consensually vacate the default. Even an allegedly unintentional delay could still be "willful" if it constituted a "reckless disregard for the judicial proceedings." Compania, 88 F.3d at 951-952. **Grupo Rayco and Mr. Scordo knew the action had been transferred to this Court and that local counsel would have to be obtained. Mr. Scordo knew that Delta had filed a Counterclaim and that there was an impending deadline for filing an Answer. Rather than requesting an extension, he sat on his hands risking default.**

Grupo Rayco C.A. v. Delta Air Lines, Inc., 2021 U.S. Dist. LEXIS 73462 at *15 (N.D. Ga. Mar. 16, 2021). And that is precisely what Defendants DOJ and SEC have opted to do in the case at bar: to "sit on their hands risking default." Accord EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 529 (11th Cir. 1990) (concluding that defaulting party offered no meaningful justification for engaging in the dilatory conduct which caused the default where counsel argued that default occurred because defaulting defendant was engaged in other litigation which consumed the attention of upper management and "caused [them] confusion"); Davila v. Alcami Grp., Inc., 2013 U.S. Dist. LEXIS 66374, 2013 WL 1934168, at *5 (S.D. Fla. May 9, 2013) (holding that defendant's reliance on a belief that settlement negotiations were ongoing was not sufficient excuse for failing to answer the suit). And because "reckless disregard" for the judicial proceedings is present here—as the term is defined under Eleventh Circuit case precedents—no other findings are necessary in order for the Court to deny relief from default. See, e.g., S.E.C. v. Johnson, 436 F. App'x, 939, 945 (11th Cir. 2011).

Additionally, within the Eleventh Circuit, mistakes, carelessness, or inadvertent oversight by a party's attorney—something which could potentially explain, but not justify, Defendants'

default in this particular instance—does *not* constitute "good cause" to vacate a default. Annon Consulting, Inc. v. Bionitrogen Holdings Corp., 2015 U.S. Dist. LEXIS 135080 at *7-8 (S.D. Fla. Sep. 15, 2015) (Ryskamp, J.) ("**[L]ack of diligence or mere carelessness on the part of a party's attorney is not sufficient cause to set aside a default.**"); Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir.1987) ("Default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect."); Hensel Phelps Const. Co. v. Drywall Sys. Inc. of S. Florida, 2007 WL 2433839, at *4 (S.D. Fla. Aug. 22, 2007) (**declining to vacate default due to "inexplicable delay" where defendant had pre-suit notification of the litigation, and where defendant was represented by counsel over the course of the default**); Heaton v. Bonacker & Leigh, 173 F.R.D. 533 (M.D. Ala. 1997) (while defendant's default due to "poor internal communication systems" and an "internal communication breakdown" was certainly understandable, it was not excusable; court denied motion to vacate the entry of default).

Finally, and completely separate and independent from the foregoing, it is black-letter law that a default can *never* be vacated in cases such as the instant one where evidence has already been spoliated; there is no "wiggle room" for Defendants on this particular issue. See, e.g., Forster v. Narain, 2020 U.S. Dist. LEXIS 120820 at *17 (S.D. Fla. July 7, 2020) ("[B]ecause of the preexisting spoliation of evidence issues . . . granting the Motion to Vacate would severely prejudice Plaintiffs."). The Eleventh Circuit has also clarified that vacating a default under such circumstances constitutes reversible error. See, e.g., Lorenzo v. Wells Fargo Bank, N.A. (In re Lorenzo), 606 F. App'x 548 (11th Cir. 2015) (**no "good cause" existed to vacate default because the debtor admittedly destroyed a computer server that held financial records, and mysteriously "lost" several other computers containing other records**). In the case *sub judice*, the significant

spoliation includes, without limitation, the deletion of all responsive email communications from the work computer of former Miami USAO employee Benjamin G. Greenberg. Indeed, the foregoing spoliation was disclosed in the sworn declaration submitted by Miami USAO paralegal Francys Marcenaros in the parallel FOIA/PA litigation. Consequently, Defendants' default cannot be vacated here as a matter of settled law.

In conclusion, Plaintiff notes that it was Defendants themselves who requested transfer of this case from the District of Columbia—a district wherein no judges had disqualifying conflicts of interest—to the Southern District of Florida. And they did so even after being apprised, in writing, that recusals and other delays would foreseeably result from their requested change of venue. Indeed, as reflected in the docket sheet, already five (5) recusals have unnecessarily resulted in this Court as a result of Defendants' actions.

Defendants should not be rewarded for their refusal to timely answer the complaint; litigation is not an invitation for government agencies to play a game of cat-and-mouse. Nor is it cogent or plausible that Defendants, who are represented by competent and experienced counsel within the USAO, simply "didn't understand" that they needed to answer Plaintiff's complaint within twenty-one (21) days following transfer—*i.e.*, the specific deadline extension that Defendants themselves had requested, not Plaintiff.[5] The undersigned is unaware of any authority in support of the novel proposition that the requirement for Defendants to timely respond somehow

---

[5] What is more, the order of the District of Columbia was clear and unambiguous: the transferor court granted Defendants' request for a twenty-one (21) day enlargement of time, and then terminated all *"remaining"* deadlines in this case. See D.E. 15. The District of Columbia obviously did not rule that the deadline for answering the complaint was somehow "terminated;" under that absurd interpretation, then Defendants wouldn't ever have to answer the complaint at all in this action. Instead, the court's ruling in D.E. 15 was "crystal clear": only the *"remaining"* deadlines in this case were terminated by the transferor court (*i.e.*, all other deadlines not specifically addressed in the court's order). And if Defendants required clarification on the transferor court's order, then they should have filed a motion seeking clarification. But that is not how these Defendants opted to proceed. Instead, they baldly chose to do nothing at all, and knowingly opted to "sit on their hands risking default." Grupo Rayco C.A., 2021 U.S. Dist. LEXIS 73462 at *15.

"magically disappears" following transfer; if that were in fact the case (and fortunately it isn't), a defendant could simply file a motion to transfer, and then never answer the complaint at all following transfer. And Defendants, two (2) federal agencies, are well aware of these procedural rules—rules promulgated by Congress through the Federal Rules of Civil Procedure, which uniformly apply in each and every Article III district court in the United States.

As further grounds for the instant motion, Plaintiff relies upon *inter alia* the following filings, all of which are hereby incorporated and adopted by reference:

(i)   Plaintiff's Verified Complaint [D.E. 1];

(ii)  Plaintiff's opposition to Defendants' motion for a change of venue [D.E. 11];

(iii) Plaintiff's November 10, 2021 declaration and supporting exhibits [D.E. 12];

(iv)  Plaintiff's Application[6] for an Entry of Default, together with its supporting affidavit [D.E. 26-27]; and

(v)   the Clerk's March 1, 2022 Entry of Default against Defendants pursuant to Fed. R. Civ. P. 55(a).

See Fed. R. Civ. P. 10(c) (specifically authorizing adoption by reference to other filings within the same proceeding). Pursuant to L.R. 7.1(a)(1)(E), a memorandum of law is not required for motions for judgment upon default.

---

[6] Plaintiff notes that he attempted to confer with counsel for Defendants in the District of Columbia prior to requesting entry of default by the Clerk. In writing, Plaintiff reasonably requested both the name and contact information of the AUSA who will be representing Defendants going forward. No response was ever provided to that reasonable request.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully prays for the following relief:

(i) that this Honorable Court enter a default judgment against Defendants as to the issue of liability[7] pursuant to Fed. R. Civ. P. 55(b); and

(ii) that the Court schedule and hold an evidentiary hearing in order to determine and quantify monetary damages within the meaning of Fed. R. Civ. P. 55(b)(2)(B).

At Cambridge, Massachusetts,
This 3rd Day of March, 2022.

Respectfully submitted,

/s/ Jonathan Mullane
JONATHAN MULLANE
6 Bennett Street
Cambridge, MA 02138
Tel.: (617) 800-6925
j.mullane@icloud.com

## VERIFICATION

I, JONATHAN MULLANE, do hereby declare under the pains and penalty of perjury of the laws of the United States of America that the facts as stated in the foregoing verified filing are true and correct to the best of my knowledge. Pursuant to 28 U.S.C. § 1746, any affidavit requirement for this filing is hereby satisfied.

DATED: March 3, 2022

/s/ Jonathan Mullane
JONATHAN MULLANE

## L.R. 7.1(a)(2) CERTIFICATION

In accordance with L.R. 7.1(a)(2), the undersigned hereby certifies that on March 3, 2022, he conferred in good faith with counsel for Defendants regarding the issues presented. Counsel has advised that Defendants do not assent to the relief requested herein.

/s/ Jonathan Mullane
JONATHAN MULLANE

---

[7] Following a Clerk's entry of default, "a defaulted defendant is *de jure* deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'" Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (internal citations omitted).

## CERTIFICATE OF SERVICE

I, JONATHAN MULLANE, hereby certify that on March 3, 2022, I served a true copy of the foregoing filing via first-class mail, postage duly paid thereon, on Defendants' counsel of record and specifically addressed as follows:

> Paul Cirino, Esq.
> U.S. Department of Justice
> Environmental Defense Section
> P.O. Box 7611
> Washington, DC 20044
> Tel.: (202) 514-1542
> paul.cirino@usdoj.gov

DATED: March 3, 2022                        /s/ Jonathan Mullane
                                            JONATHAN MULLANE

FedEx®

ORIGIN ID:PVCA (617) 800-6925
JONATHAN MULLANE
MULLANE MICHEL & MCINNES
30 DONNELL STREET

CAMBRIDGE, MA 02138
UNITED STATES US

SHIP DATE: 03MAR22
ACTWGT: 0.55 LB
CAD: 6994150/SSFE2300

BILL THIRD PARTY

TO CLERK OF COURT
UNITED STATES DISTRICT COURT
400 NORTH MIAMI AVE

MIAMI FL 33128
(617) 800-6925 REF:
INV:
PO: DEPT:

FedEx Express

E

FRI - 04 MAR 10:30A
PRIORITY OVERNIGHT

TRK# 0201 2704 7636 5952

XG MPBA

33128
FL-US MIA

Do not ship liquids, blood or clinical specimens in this packaging.

◂ Insert shipping document here.



