UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20371-CIV-ALTONAGA/Torres

**JONATHAN MULLANE**,

      Plaintiff,
v.

**UNITED STATES
DEPARTMENT OF JUSTICE**, *et al.*,

      Defendants.
_____/

# ORDER

**THIS CAUSE** came before the Court *sua sponte*. Since the United States District Court for the District of Columbia transferred this case to this District, six District Judges have entered Orders of recusal. (*See* [ECF Nos. 18, 20, 22, 24, 25, 36]). Before being assigned the case, the undersigned polled the District's Judges to see if any would hear the case; none indicated his or her willingness to do so. Upon receiving the case and in the interest of justice, the Court transfers this case back to the United States District Court for the District of Columbia. The Court explains.

*Background.* Plaintiff, Jonathan Mullane, filed his Complaint [ECF No. 1] in the United States District Court for the District of Columbia. (*See id.*). The Complaint contains one claim against Defendants, the United States Department of Justice and the United States Securities and Exchange Commission, for violations of the Privacy Act of 1974, 5 U.S.C. section 552a. (*See* Compl. ¶¶ 90–96).

The facts giving rise to this suit occurred in the spring of 2018, during Plaintiff's second year of law school at the University of Miami School of Law. (*See id.* ¶ 7). The United States Attorney's Office for the Southern District of Florida ("USAO") hired Plaintiff as a student intern

in the Assert Forfeiture Division. (*See id.*). Unfortunately, the relationship between Plaintiff and his employer quickly soured. (*See id.* ¶¶ 16–28). Plaintiff maintains that the USAO retaliated against him after he reported inappropriate office conduct to his supervisor. (*See id.* ¶¶ 16–18). The relationship hit a low point when Plaintiff's supervisor asked him to voluntarily terminate his internship. (*See id.* ¶ 28).

According to Plaintiff, shortly after the USAO requested to terminate his internship, a Judge within this District contacted Plaintiff *ex parte* about an unrelated civil matter before that Judge. (*See id.* ¶ 31). He instructed Plaintiff to report to the courthouse the following morning for a hearing. (*See id.*). At the hearing, the Judge questioned Plaintiff about whether he had "abused his 'status' as a USAO intern . . . to request a certified copy of a record" related to his case. (*Id.* ¶ 32 (alteration added)). The Judge also allegedly revealed he had spoken to the then-acting United States Attorney for the Southern District of Florida about Plaintiff's conduct. (*See id.* ¶¶ 39–40). Plaintiff relies on this communication to allege that the USAO transmitted private documents to the Judge. (*See id.* ¶¶ 39, 90–93).

Given the people allegedly involved in the events underlying the claim brought against Defendants, Plaintiff understandably filed his lawsuit outside the Southern District of Florida. (*See generally id.*). Defendants, however, moved to transfer the case to this District, citing among other factors, this District's "greater local interest in this controversy[.]" (Mot. Transfer, Mem. Supp. [ECF No. 6-1] 12 (alteration added)).[1] The court obliged, and now, six Judges later, the matter arrives before the undersigned.

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

***Standard.*** "Motions to retransfer an action back to the transferor court are generally looked upon with disfavor." *Jarrett v. Terrell*, No. cv 19-6234, 2019 WL 8634175, at *4 (C.D. Cal. Nov. 6, 2019) (quotation marks and citation omitted); *see also In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (cautioning courts against the "potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and respect due sister courts").

Nevertheless, a transferee court may retransfer a case back to a transferor court in three situations: (1) "where the governing law has been changed by the subsequent decision of a higher court"; (2) "when there are changed circumstances during the period of time since the original transfer that are material to the decision to transfer the case such as, for example, when new evidence becomes available"; or (3) "when a clear error has been committed or when it is necessary to prevent manifest injustice." *Anstalt v. Bacardi & Co., Ltd.*, No. 1:17-cv-21505, 2017 WL 5634954 at *3 (S.D. Fla. June 26, 2017) (quotation marks and citations omitted).

***Discussion.*** This action falls within the second scenario: changed circumstances require this case be transferred back to United States District Court for the District of Columbia. *See id.* Specifically, each Judge within the Southern District of Florida has indicated that he or she is unwilling to adjudicate this case.

Courts generally do not retransfer "'except under the most impelling and unusual circumstances[,]'" such as "unanticipatable post-transfer events [that] frustrate the original purpose for transfer[.]" *In re Cragar Indus., Inc.*, 706 F.2d at 505 (alterations added; quoting *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir. 1961)). In that event, courts still apply "traditional factors bearing on a [28 U.S.C. section] 1404(a) analysis," *In re Intel Corp.*, 841 F. App'x 192, 195 (Fed. Cir. 2020) (alteration added), such as: (1) whether the action could have

been brought in the other venue; and (2) whether "convenience and the interest of justice" require transfer, *Vivant Pharms., LLC v. Clinical Formula, LLC*, No. 10-21537-Civ, 2011 WL 1303218, at *6 (S.D. Fla. Mar. 31, 2011) (citations omitted).

Here, unusual circumstances appear in the form of a District-wide recusal. District-wide recusals are rare but can occur when allegations implicate a fellow jurist within the district. *See, e.g.*, *United States v. Moody*, 977 F.2d 1420, 1423 (11th Cir. 1992) (observing that all judges within the district recused themselves from a case involving the murder of fellow jurist); *Smith v. Moody*, No. 5:07cv00077, 2007 WL 9736017, at *1 (E.D. Ark. Aug. 30, 2007) ("As defendant James Moody is a district judge in the Eastern District of Arkansas, all judges recused themselves and the matter was transferred to the undersigned[.]" (alteration added)). Indeed, as one court has observed, district-wide recusals are extremely unlikely and difficult to predict. *See Airport Working Grp. of Orange County, Inc. v. U.S. Dep't of Def.*, 226 F. Supp. 2d 227, 232 (D.D.C. 2002).

Each Judge within this District has either recused or indicated his or her future intention to recuse if assigned the case. The recusals are understandable given the Judges' personal relationships with the Judge in question and others named in the Complaint. In alleging that Defendants conspired with one of the District's Judge to terminate Plaintiff (*see* Compl. ¶ 39), the Complaint implicates the propriety of actions taken by the Judge and other individuals with direct ties to this District. If, for example, the Judge were called a witness in the matter, a presiding Southern District of Florida Judge would likely have to recuse him or herself from the matter. *See United States v. Kelly*, 888 F.2d 732, 744–47 (11th Cir. 1989) (holding that a judge committed reversible error when he failed to recuse himself from a matter in which his friend testified).

As the transferor court, the United States District Court for the District of Columbia could

not have predicted that all the Judges in this District would recuse themselves from this action. *See Airport Working Grp. of Orange*, 226 F. Supp. 2d at 232. The transferor court may (understandably) not be familiar with the personal dynamics and relationships among Judges within this District and thus may not have anticipated their recusals. These unexpected recusals constitute "impelling and unusual circumstances" that "frustrate the original purpose for transfer" and merit retransfer to ensure the parties obtain a fair trial. *In re Cragar Indus., Inc.*, 706 F.2d at 505 (quotation marks and citation omitted).

Furthermore, none of the "traditional factors bearing on a [28 U.S.C. section] 1404(a) analysis," *In re Intel Corp.*, 841 F. App'x at 195 (alteration added), counsels against re-transferring the case to the District Court for the District of Columbia. First, the District of Columbia is an appropriate venue because it is home to Defendants' respective headquarters: Main Justice and the SEC Headquarters.

Second, while it may be more convenient for some of Defendants' witnesses to litigate the case in the Southern District of Florida, Defendants "cannot reasonably claim to be inconvenienced by litigating in [the District of Columbia]; after all, th[at] is [their] home forum." *Stewart v. Azar*, 308 F. Supp. 3d 239, 248 (D.D.C. 2018) (alterations added). The Court understands the District of Columbia "does not become the proper venue just because the District of Columbia is the Seat of Government[,]" *Parrish v. Marsh*, No. 88-3094, 1989 WL 27415, at *1 (D.D.C. Mar. 9, 1989) (alteration added), but it is better than an alternative venue where Plaintiff and Defendants would be inconvenienced, *see In re: Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003) ("When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff[.]" (alteration added; citation

omitted)).

In the absence of other factors counseling against retransfer, the unusual circumstances of this case warrant that the action be transferred back to the District of Columbia, Plaintiff's choice of forum. Accordingly, it is

**ORDERED AND ADJUDGED** that the Clerk is instructed to transfer this case to the United States District Court for the District of Columbia and mark this case as **CLOSED** in this District.

**DONE AND ORDERED** in Miami, Florida, this 14th day of March, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Plaintiff, Jonathan Mullane, *pro se*